20226—Clyde Harmon v. State of Ohio. Motion for Ashland Appeals to certify. Overruled. Dock. 12-21-26, 4 Abs. 867.

20227—Isaac Abrams v. Hazel D. Miles. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-22-26, 5 Abs. 27.

20229—City of Cleveland v. Alma M. Lovering. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-23-26, 5 Abs. 27.

# SYLLABI

## No. 55

No. 19795—Alfred Larkins et al. v. John J. Routson et al. Error to the Court of Appeals of Hancock county.

1277. WORDS & PHRASES—The primary meaning of the phrase "legal representatives" is "executors" or "administrators" yet other meanings are given such as "heirs at law", "next of kin", "trustees" and "assignees"; legal representatives are used in 8577 GC. having the meaning of "heirs at law", and "next of kin."

DAY, J.

The primary meaning of the phrase "legal represenattives" is "executors" or "administrators;" yet other meanings are given the phrase, according to the context and the circumstances under which the same is used, such as "heirs at law," "next of kin," "trustees," "assignees." In the statutes of descent and distribution in this state, the phrase "legal representatives" is generally construed to mean "lineal descendants;" but under Section 8577, General Code, in order to effectuate the intent of the legislature to divide the property "which came to such intestate from a former deceased husband or wife, - - - If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from whom such personal or real estate came, or their legal representatives," the words "legal representatives" have the meaning of "heirs at law" next of kin" of such brothers and sisters.

Judgment reversed in part and affirmed in part.

Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## No. 56

No. 19844—The American Guaranty Co. v. The Cincinnati Iron and Steel Company. Error to the Court of Appeals of Hardin County.

1140. SURETYSHIP—Under 2365-1 to 2365-4 GC., the principal contractor having abandoned a building job, a person who furnishes material to a materialman may maintain an action upon a bond given by a compensated surety to insure faithful performance of the principal contractor.

ALLEN, J.

A compensated surety executed a bond obligating the surety to indemnify the obligee against any loss or damage directly arising from the failure of the principal to faithfully perform his contract to erect a public school building. The principal cnotractor having abandoned performance of the contract, suit was brought upon the bond against the surety by a party who furnished to a material man all the steel building material, cut according to the specifications of the contract, which went directly, substantially without further fabrication, into the construction. Held, that under Sections 2365-1 to 2365-4 inclusive of the General Code, the plaintiff has an action upon the bond.

Judgment affirmed.

Marshall, CJ., Day, and Kinkade, JJ., concur.